**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 19 2013, 7:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CORY A. SPREEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATALIE ROUSE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1212-CR-550 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Robert Ross, Magistrate
Cause No. 02D06-1109-CM-5377

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Natalie Rouse appeals her conviction of Operating a Motor Vehicle Without Ever Receiving a License,[1] a class C misdemeanor. Rouse presents one issue for review: was there sufficient evidence to support Rouse's conviction for operating a motor vehicle without ever receiving a license?

We affirm.

The facts favorable to the conviction are that on September 4, 2011, Stacy Rader was on her porch on West Suttenfield Street in Fort Wayne, Indiana. She heard a commotion, screaming, and crying when a one-vehicle accident occurred three houses from her home. Rader ran to the scene of the accident because her children had been playing in the vicinity of the crash. When she reached the vehicle she saw two individuals exit, Rouse from the driver's side and a male from the passenger's side.

Fort Wayne Police Officer Randy Miller arrived at the scene one minute after being dispatched. When Officer Miller approached the vehicle, Rouse identified herself as the driver, and Officer Miller asked for her driver's license, proof of insurance, and vehicle registration. Rouse did not have the requested documentation. Officer Miller then checked BMV records using the defendant's name and her date of birth, and he discovered she had only an Indiana identification card. Defendant also informed Officer Miller that she never had a valid Indiana driver's license. Official BMV records confirmed this to be true.

---

[1] Ind. Code Ann. § 9-24-18-1 (West, Westlaw current through P.L.171 with effective dates through May 7, 2013).

Rouse was called as a witness by the defense and testified that during the accident she was the backseat passenger, Kenneth Copeland was the front-seat passenger, and Copeland's friend, known only as "Sugar Bear," was the driver of the car. Rouse testified that Sugar Bear left the scene of the accident before Officer Miller arrived, and she could not recall exactly what she told the officer due to shock.

On November 29, 2012, following a bench trial, Rouse was found guilty as charged, and was sentenced to the Allen County Jail for fifty days. Rouse now appeals.

1.

Rouse alleges the evidence was insufficient to support her conviction for operating a motor vehicle without ever receiving a license. In reviewing a challenge to the sufficiency of the evidence, this court does not reweigh the evidence nor assess witness credibility. *Boggs v. State*, 928 N.E.2d 855 (Ind. Ct. App. 2010). We consider conflicting evidence most favorable to the trial court's ruling. *Id.* Moreover, this court will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* at 864. The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.*

The State presented sufficient evidence to show beyond a reasonable doubt Rouse operated a vehicle without ever receiving a license. Rouse admitted to Officer Miller at the scene that she was driving the car at the time of the accident. In addition, Rader identified Rouse as the driver of the vehicle, and she confirmed that only two people exited the vehicle. Furthermore, at the scene of the accident, Rouse admitted that she has never held a valid

Indiana driver's license. Rouse's arguments are merely a request to reweigh the evidence or reevaluate the credibility of the witnesses, which we will not do on appeal. The evidence presented is sufficient to support Rouse's conviction for operating a motor vehicle without ever receiving a license.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.